# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 22, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| BURNELL BUCKWALTER, | * | |
| | * | |
| Petitioner, | * | No. 19-136V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Bridget Candace McCullough*, Muller Brazil PA, Dresher, PA, for Petitioner.
*Alexis B. Babcock*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 12, 2024, Burnell Buckwalter, ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 86). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$88,945.18.**

### I.      Procedural History

On January 28, 2019, Burnell Buckwalter ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] (Petition) (ECF No. 1). Petitioner alleged that as a result of receiving the influenza ("flu") vaccine on September 27, 2016, he suffered from chronic inflammatory demyelinating polyneuropathy ("CIDP."). *Id*. Following mediation on May 18, 2023, on October 13, 2023, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 80).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On March 12, 2024, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation in the total amount of $88,945.18, representing $52,539.90 in attorneys' fees and $36,405.28 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants he has not personally incurred any costs in pursuit of his claim. *Id*. Respondent reacted to the fees motion on March 13, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 84). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

## II.   Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.   Attorneys' Fees

Petitioner requests the following rates for the work of his counsel: for Ms. Bridget McCullough, $225.00 per hour for work performed in 2018 and 2019, $250.00 per hour for work performed in 2020, $275.00 per hour for work performed in 2021, $300.00 per hour for work performed in 2022, $350.00 per hour for work performed in 2023, and $375.00 per hour for work performed in 2024; and for Mr. Max Muller, $317.00 per hour for work performed in 2018. These rates are consistent with what counsel has previously been awarded in the Vaccine Program and I find them to be reasonable herein.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $52,539.90.

### b.   Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $36,405.28. This amount is comprised of acquiring medical

records, postage, travel expenses related to the mediation, and the Court's filing fee. Fees App. Ex. B at 1-2. These administrative costs are typical in Vaccine Program cases and were reasonably incurred in this matter. Petitioner also requests compensation for work performed by Petitioner's medical expert, Dr. Frederick Nahm, life care planner services and travel expenses provided by Ms. Roberta Hurley, and half of the expense for mediation services and travel expenses provided by former Chief Special Master Gary Golkiewicz. The costs for the services provided by Dr. Nahm, Ms. Hurley, and Mr. Golkiewicz are reasonable, have been supported by Petitioner with adequate documentation, and will be awarded in full.

### III. Conclusion

In accordance with the foregoing, I hereby **GRANT** Petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $52,539.90 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$52,539.90** |
| | |
| Attorneys' Costs Requested | $36,405.28 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$36,405.28** |
| | |
| **Total Attorneys' Fees and Costs** | **$88,945.18** |

**Accordingly, I award the following: a lump sum in the amount of $88,945.18, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and his attorney, Ms. Bridget McCullough.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>/s/Thomas L. Gowen</u><br>
Thomas L. Gowen<br>
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).